■ In the Matter of SUZANNE DANIS, Respondent, v MELVIN STILLER-MAN, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the father appeals (by permission) from an order of the Family Court, Westchester County, dated June 12, 1978, which denied his motion to dismiss the petition. Order affirmed, without costs or disbursements. Petitioner, the former wife of the appellant, instituted this proceeding in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, under Florida's Uniform Reciprocal Enforcement of Support Act (URESA), to compel support payments for the parties' 18-year-old son. The proceeding was transferred to the Family Court, Westchester County, pursuant to the Uniform Support of Dependents Law (USDL). Subdivision 2 of section 35 of the Domestic Relations Law, the pertinent provision of the USDL, provides: "A proceeding to compel support of a dependent may be maintained under this article in any of the following cases: * * * 2. Where the petitioner resides in one state and the respondent is a resident of or is domiciled or found in another state having substantially similar or reciprocal laws." The appellant moved to dismiss the petition on the ground that the URESA and the USDL are not "substantially similar or reciprocal" and the Family Court thus lacked jurisdiction. The appellant argued that since the Florida law did not require him to support a child who had turned 18, and the New York statute required him to continue support payments until the child turned 21, the statutes were not substantially similar or reciprocal. The Family Court's rejection of this argument and denial of the motion to dismiss were correct. Support proceedings commenced under Florida's URESA have previously been transferred,

without jurisdictional defect, to Family Courts in New York State pursuant to the USDL (see, e.g., *Matter of De Filipo v De Filipo,* 45 AD2d 710). The substantial similarity or reciprocity of the statutes is not undermined by the existence of dissimilar provisions *(Martin v Martin,* 58 Misc 2d 459, 461; *Matter of County of Santa Clara, State of Calif. v Hughes,* 43 Misc 2d 559, 564; but see *Spong v Eckelberger,* 89 Misc 2d 1008). We believe, under the facts of this case, that the substantive law of New York should govern (see Fla Stats, § 88.081). Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.