■ In the Matter of JOSEPHINE LALLI, Appellant, v JULIO LALLI, Respondent. — In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the petitioner mother appeals from an order of the Family Court, Orange County, dated May 6, 1980, which, *inter alia,* directed the respondent father to pay support for only one of the three children of the marriage, David, and limited such support to $20 a week. Order modified, on the law and the facts, (a) by increasing the child support for David to the sum of $30 a week, (b) by increasing the wage deduction order accordingly, and (c) by adding a provision that respondent is required to pay support for the parties' son Anthony. As so modified, order

affirmed, without costs or disbursements, and case remitted to the Family Court for further proceedings to determine the amount that respondent should pay as support of the parties' son Anthony. Under the circumstances the award of $20 a week toward the support of the parties' son David, who was then four years of age, was inadequate and should be increased to $30 a week, effective as of May 6, 1980. The Family Court erred in disallowing any support for the parties' son Anthony, who at the time of the hearing, was over 18 years of age and less than 21, on the ground that since he was living in Florida with his mother, support under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) could not be awarded on his behalf because Florida imposes the obligation of parental support only until an infant reaches the age of 18 years. Under the facts of this case, the substantive law of New York, which requires parental support for a child until he or she reaches 21 years of age (Domestic Relations Law, § 32, subd 3) should govern (see *Matter of Danis v Stillerman*, 66 AD2d 818, 819; Fla Stats, § 88.081). Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.