■ In the Matter of JEAN RYAN, Respondent, v KENNETH W. RYAN, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the appeals are (1) from a decision and order (one paper) of the Family Court, Suffolk County (Hurley, J.), entered October 22, 1985, which, *inter alia,* directed (a) that the appellant husband pay support for the parties' three children in the sum of $35 per week for each child, (b) that the payments be retroactive to May 10, 1983, the date of the filing of the petition, with resulting arrears in the sum of $13,440, to be paid in weekly installments of $45, and (c) that the appellant's employer deduct a total of $150 per week from the appellant's paycheck and to make such payment to the Suffolk County Child Support Enforcement Bureau; and (2) from an order of the same court, dated October 24, 1985, which directed that payroll deductions be made pursuant to Personal Property Law former § 49-b (now CPLR 5242).

Ordered that the decision and order (one paper) entered October 22, 1985 is affirmed; and it is further,

Ordered that the order dated October 24, 1985 is affirmed, and it is further,

Ordered that the petitioner is awarded one bill of costs.

It is well settled that the obligation for the support of children is a shared obligation of both parents, and, in determining the appropriate level of child support, the court must consider all relevant factors, including the financial resources of the parents and the needs of the child *(see,* Family Ct Act § 413). A review of the record leads us to conclude that the court's award in this case was an appropriate exercise of discretion. Further, the court properly granted the petitioner arrears to the date of the filing of the petition, as mandated by Family Court Act § 449.

Additionally, the court properly awarded support payments to continue until each child reaches the age of 21. While Texas law (the petitioner and her children are residents of

Texas) provides that support obligations cease at age 18 *(see,* Tex Fam Code Annot §§ 11.01, 12.04), under the facts of this case, the substantive law of New York, which requires parental support of a child until he or she reaches age 21 *(see,* Domestic Relations Law § 32 [3]), should govern *(see, Matter of Lalli v Lalli,* 80 AD2d 897; *Matter of Danis v Stillerman,* 66 AD2d 818; Tex Fam Code Annot § 21.21).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.