■ In the Matter of CONSTANCE LUCAS, Appellant, v ROBERT C. FIERO, SR., Respondent.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the mother appeals from an order of the Family Court, Dutchess County (Marlow, J.), dated November 13, 1986, which confirmed the determination of a Hearing Examiner granting the father a downward modification of a previous child support order.

Ordered that the order is reversed, on the law, without costs or disbursements, the determination of the Hearing Examiner is disaffirmed, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

The parties were divorced in 1973 in Connecticut and have three sons, who reside there with the mother. The husband resides in New York. The Connecticut divorce decree directed the husband to make support payments of $15 per week for each minor child. In 1980, the wife commenced a proceeding for support in Connecticut which was transferred to the Family Court, Dutchess County, pursuant to the Uniform Support of Dependents Law (USDL; Domestic Relations Law art 3-A). That court directed the husband to make support payments of $45 per week.

In 1985, the husband applied to the Family Court for a downward modification of the support order based on his eldest son's emancipation. Prior to a hearing on the husband's application, the Connecticut Superior Court modified the divorce decree to reduce his support obligation from $45 to $30 per week, finding that the eldest son had reached age 18. Following the hearing on the USDL application, the Hearing Examiner modified the 1980 support order to conform to the Connecticut decree, and the Family Court confirmed that determination. We reverse.

In a USDL proceeding, the substantive law of the responding State governs the determination of the respondent's duty to the petitioner *(see, Matter of Burke v Adams,* 130 AD2d 100, 103). Under New York law, a parent is obligated to support his or her children until age 21 (Family Ct Act § 413; Domestic Relations Law § 32 [3]). This court has applied New York law to require a resident parent to provide child support until age 21 regardless of the statutory age limit in the

initiating State *(see, e.g., Matter of Ryan v Ryan,* 128 AD2d 624; *Matter of Lalli v Lalli,* 80 AD2d 897; *Matter of Danis v Stillerman,* 66 AD2d 818).

We find no persuasive reason to depart from our previous holdings on this issue. New York's public policy, as reflected in the USDL, favors imposing an obligation on parents to support their children until age 21 even though the children may never have resided in New York and notwithstanding the existence of a divorce decree obtained in another State (Domestic Relations Law § 33 [4]; § 34 [1]). A USDL proceeding is an additional or alternative remedy (Domestic Relations Law § 41; *Lebedeff v Lebedeff,* 17 NY2d 557). Therefore, the Family Court had jurisdiction to make a de novo determination of the needs of the husband's eldest son *(cf., Matter of LaBoy v Hernandez,* 131 AD2d 485). Furthermore, the Family Court was not constitutionally required to give full faith and credit to the Connecticut decree since it was modifiable under that State's law *(cf., Matter of Pearson v Pearson,* 69 NY2d 919).

Although we conclude that New York law applies to render the husband liable for the support of his children until they reach age 21, the issue of whether his eldest son is in need of that support remains to be determined. The matter is remitted to the Family Court, Dutchess County, for a determination of the amount of support, if any, the husband may be required to pay based on the factors listed in Domestic Relations Law § 32 (3). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.