*776 OPINION OF THE COURT
Ann Marie Taddeo, J.
By the filing of an objection pursuant to Family Court Act § 439 (e), petitioner seeks review of the order of Hearing Examiner Roy H. Lockwood, entered March 20, 1996, which dismissed the instant support adjustment proceeding. In his decision, the Hearing Examiner rejected a proposed adjusted order of support, filed by the Monroe County Child Support Enforcement Unit (CSEU), due to an error in the calculation of current support. Petitioner specifically objects to the Hearing Examiner’s determination that his authority was limited to ruling on the correctness of the proposed order, and to his resulting refusal to enter an adjusted child support order based on the proof before him.
BACKGROUND
Having determined that the existing child support order between the parties to this proceeding qualified for the review and adjustment process under Family Court Act § 413 (3) and Social Services Law § 111-h, the CSEU forwarded to the parties a notice of intent to review which included a requirement that the parties provide specific financial information. Because the respondent failed to provide the required financial data, the CSEU submitted his Social Security number to the New York State Department of Taxation and Finance for the purpose of obtaining the necessary income information. The information obtained revealed that respondent’s income for the calendar year 1994 was $35,633. The information did not, however, describe the nature of the income. Consequently, it did not provide a basis for determining whether FICA taxes had been paid by respondent.
Using this income figure, with no deductions, the CSEU calculated respondent’s basic child support obligation as $172 per week (the existing order was $81 per week) and filed a proposed adjusted order establishing current support in that amount, with additional obligations for day care and uninsured health care expenses. Thereafter, respondent commenced this proceeding, pursuant to Family Court Act § 413 (3) (c), by filing a written objection to the proposed adjusted order.
A hearing was held at which the CSEU procedures discussed above were detailed by the Child Support Examiner assigned to this case. Competent evidence was also offered by respondent as to his 1994 income and FICA contributions. At the *777 close of the hearing, the Hearing Examiner set forth, on the record, his position regarding the scope of his authority to grant relief in a support adjustment case. The Hearing Examiner stated that the only issue before him was whether the proposed order, as submitted, "is correct or not correct”, and that he would not "enlarge this proceeding to be a modification proceeding.” Consistent with his stated position, and on the basis of the proof, the Hearing Examiner determined that the proposed order was not correct under the Child Support Standards Act because it did not take into account respondent’s FICA deduction in determining his support obligation. The Hearing Examiner directed that the order "shall not be signed and entered,” but did not direct the entry of a correct adjusted order based on the record before him.
Petitioner objects to the Hearing Examiner’s "all or nothing” approach to the adjustment process. Thus, the question presented is one of statutory construction, requiring this court to interpret the provisions governing child support review and adjustment (Family Ct Act § 413 [3]; Social Services Law § 111-h), as well as the provision governing the authority of Hearing Examiners (Family Ct Act § 439), in order to determine the scope of the Hearing Examiner’s authority when adjudicating an objection to a proposed adjusted support order.
DISCUSSION
Procedures for Review and Adjustment
Subject to certain exceptions, in any case in which there is an assignment of support rights, or in which a request for adjustment review is made by a party to a support order payable through the support collection unit, the CSEU is required to initiate a review of the order no later than three years after its establishment,' modification, adjustment or most recent review, to determine whether there is an adequate basis to adjust the order. (Family Ct Act § 413 [3] [a]; Social Services Law § 111-h [12]; 18 NYCRR 347.26 [b].) An adequate basis for adjustment exists if there is a difference of 10% or greater between the basic child support obligation calculated using the noncustodial parent’s current income, and the amount of the basic child support obligation set forth in the order under review. (18 NYCRR 347.26 [e] [5] [i].)
Upon the conclusion of the review, if it is determined that an adequate basis for upward adjustment exists, the CSEU must file with the court, and serve upon the parties, a proposed *778 adjusted order. (Social Services Law § 111-h [14]; 18 NYCRR 347.26 [¶] [1] [i], [ii].) The proposed order must be entered by the clerk of the court unless a written objection is filed with the court within 35 days of the mailing of the proposed order to the parties. (Family Ct Act § 413 [3] [c]; 18 NYCRR 347.26 [¶] [1] [iv].) If a timely objection is filed, a hearing must be scheduled. (Family Ct Act § 413 [3] [c]; 18 NYCRR 347.26 [¶] [1] [in].) Such a hearing is returnable, in the first instance, before a Family Court Hearing Examiner. (Family Ct Act § 439 [a]; 22 NYCRR 205.34 [a].)
Authority of Hearing Examiner
A Family Court Hearing Examiner is "empowered to hear, determine and grant any relief within the powers of the court in any proceeding under [article 4 of the Family Court Act].” (Family Ct Act § 439 [a].) Thus, a Hearing Examiner may, in the normal course of his or her duties, make initial determinations of support, or adjudicate subsequent modification or violation proceedings. (See, 22 NYCRR 205.34 [c].)
Family Court Act § 439 also sets forth specific limitations with regard to the types of proceedings over which a Hearing Examiner may preside and the forms of relief which a Hearing Examiner may grant. These limitations are presented in the statute as an exhaustive list of exceptions to the general grant of jurisdiction. There are, however, no limitations in the statute applicable to the Hearing Examiner’s role in the support adjustment process under Family Court Act § 413 (3).
Nor do the review and adjustment provisions themselves limit the authority of the Hearing Examiner to grant relief. Indeed, in addressing the evidentiary scope of the hearing, the statute permits the parties to offer proof "in support of or in opposition to adjustment of the support order.” (Family Ct Act § 413 [3] [c] [emphasis added].) Similar language in the applicable regulation allows proof to be offered as to "whether the reviewed order should be adjusted pursuant to section 413 (3) of the Family Court Act.” (18 NYCRR 347.26 [¶] [1] [iii] [emphasis added].) Thus, the propriety of a support adjustment, generally, is the proper subject of the hearing, not merely the accuracy of the specific proposed order. Had the Legislature intended otherwise, it would have limited the scope of the hearing evidence accordingly. (Pajak v Pajak, 56 NY2d 394 [1982].)
Moreover, in addition to establishing a party’s right to a hearing, the statute specifically delineates the standard to be *779 followed by the Hearing Examiner in making the determination as to whether an adjusted order should be entered: "A hearing on the adjustment of [a child support] order shall be granted pursuant to the provisions of this section. An order shall be adjusted if as of the date of the support collection unit’s review[,] * * * the correct amount of child support as calculated pursuant to the provisions of this section would deviate by at least ten percent from the child support ordered in the last permanent support order of the Court.” (Family Ct Act § 413 [3] [a].) The statute speaks in mandatory terms, requiring the Hearing Examiner to issue an adjusted order where the prescribed deviation in the level of support is established.
Thus, giving effect to the plain meaning of the statutory language (Matter of State of New York v Ford Motor Co., 74 NY2d 495 [1989]), the responsibility of the Hearing Examiner upon an objection to a proposed adjusted order is to determine whether adjustment is required under the applicable standard. If adjustment is warranted, but the proposed order is, for any reason, incorrect, the Hearing Examiner must formulate the correct adjustment and issue an adjusted order accordingly.
Legislative Intent
The Hearing Examiner’s interpretation of his statutory authority also runs contrary to the general purpose and spirit of the support adjustment legislation. The legislative intent in adopting the provisions for review and adjustment of child support orders was to ensure the proper level of support for children. Consistent with this intent, financial disclosure by the parties is mandatory. (Social Services Law § 111-h [16]; 18 NYCRR 347.26 [d] [1], [2].) Moreover, the CSEU is granted access to taxation records where the respondent fails or refuses to provide the required information. (Id.)
The information from the Department of Taxation and Finance does not reveal whether a party’s income is from wages or other sources. Thus, when the CSEU is compelled to obtain such information, it has no basis for determining whether a FICA deduction is appropriate in calculating the support obligation. In this case, that lack of information resulted in a technical error in the proposed order and, ultimately, the dismissal of the proceedings. In essence, the Hearing Examiner’s interpretation penalizes the petitioner for the use of the very procedure which was intended to protect her from a recalcitrant respondent. Such a contradictory result *780 was clearly not with the contemplation of the Legislature and will not be sanctioned by this court. (See, Delaware County Elec. Coop. v Power Auth., 96 AD2d 154 [4th Dept 1983], affd 62 NY2d 877 [1984].)
Moreover, it would be unreasonable to conclude that it was the intention of the Legislature that a Hearing Examiner, whose general scope of authority includes the modification of support orders, should be precluded from exercising that authority in support adjustment cases. There is no logical basis for authorizing a Hearing Examiner to hold a hearing to determine whether a proposed order is correct but not permitting him to make a correction where there is competent proof that the statutory standard for adjustment has been met. To simply dismiss the proceeding and force the CSEU to begin the process again would be a wholly inefficient use of resources and would cause a delay in establishing the correct support amount, contrary to the statutory purpose. A statutory construction which leads to such an unreasonable and unintended result must be avoided. (Goon v Fu Manchu’s Rest., 253 App Div 531 [1st Dept 1938].)
By reason of the foregoing, the order of the Hearing Examiner is vacated. Based on the proof adduced at trial, this court finds that adjustment of respondent’s child support obligation is appropriate. Under the Child Support Standards Act, respondent’s child support obligation shall be in the amount of $158 per week retroactive to the date of the hearing (Mar. 7, 1996).
Because the Hearing Examiner terminated the hearing without affording respondent’s counsel the opportunity to address the question of uninsured medical expenses, this matter is remanded to the Hearing Examiner for a hearing limited to that issue. The Hearing Examiner is directed to issue findings of fact and an order establishing each party’s pro rata share of the uninsured health care expenses of the subject children, consistent with the provisions of the Child Support Standards Act. (Family Ct Act § 413 [1] [c] [5].)