OPINION OF THE COURT
Ann Marie Taddeo, J.
The Monroe County Child Support Enforcement Unit (CSEU), by its attorney Debra K. Owlett, Esq., has filed written objections to the "Order Upon Objection to Review and Adjustment” of Hearing Examiner Diana M. Irizarry, entered June 5, 1996. The CSEU specifically objects to the Hearing Examiner’s determination that the correct effective date of the adjusted support order, issued after a hearing upon respondent’s objection, is the date of the hearing. The question of the *929 proper effective date of an order issued pursuant to the child support review and adjustment legislation (Family Ct Act § 413 [3]; Social Services Law § 111-h) appears to be one of first impression.
DISCUSSION
Pursuant to Family Court Act § 449 (2), any order of child support issued under article 4 of the Family Court Act must be made effective as of the date of the filing of the petition for support (except with regard to initial support petitions on behalf of children in receipt of public assistance). However, in the context of the child support review and adjustment process, there is no actual "petition” as that term is generally used in support matters. Thus, this court must review the provisions governing child support adjustment to determine which aspect of the process is the closest practical equivalent of a petition.
In general, a petition is a formal document, filed in court and served on all parties, which commences the process by which a party may obtain judicial relief, and provides an opposing party with notice of the requested relief. For purposes of child support adjustment, it is the proposed adjusted order, together with the notice of adjustment and affidavit in support of the adjustment, which meets these criteria. The filing and service of these documents constitute a formal application for an adjustment. (18 NYCRR 347.26 [¶] [1] [ii]; [2] [ii].) Thereafter, the proposed adjusted order must be entered unless a timely objection is filed. (Family Ct Act § 413 [3] [c]; 18 NYCRR 347.26 [¶] [1] [iv]; [2] [iv].) If an objection is filed, a hearing must be held at which the parties will be given the opportunity to present evidence in support of their respective positions and will receive a judicial determination as to whether an adjustment is appropriate. (Family Ct Act § 413.3 [c]; 18 NYCRR 347.26 [¶] [1] [iii]; [2] [iii].) Thus, this court holds that consistent with the requirements of Family Court Act § 449, an adjusted order of support must be made retroactive to the date the proposed order and supporting documents are filed with the court.
The court notes that, in addition to running contrary to the requirements of Family Court Act § 449, making an adjusted support order effective the date of the hearing on an objection would create the potential for abuse as where a party files a *930 meritless objection to a proposed adjusted order solely for the purpose of delaying the effective date.*
By reason of the foregoing, the order of the Hearing Examiner is modified to establish the effective date of the adjusted support order as December 18, 1995. All other terms of the Hearing Examiner’s order shall remain in full force and effect.

 This court’s prior decision in Yuschuk v Eichas (168 Misc 2d 775) should not be read as inconsistent with this holding. In Yuschuk, the effective date was established as the date of the hearing on consent of the parties.