*316 OPINION OF THE COURT
Mary M. Work, J.
Pursuant to Family Court Act § 413 (3), the Ulster County Child Support Collection Unit (hereinafter SCU) performed a 36-month review of the existing order of support for the parties’ son, M. The original order, entered in 1988, ordered respondent to pay $35 weekly.
Upon review, the SCU found that it had been more than 36 months since the last support order was entered. Based on the financial disclosure made to the SCU, it was found that there was a basis to increase the child support because the new order would be 10% greater than the current order. The new presumptive child support order was determined to be $160 weekly. On August 28,1995, notice of the proposed adjusted order was mailed to the parties as required by the statute. On August 30, 1995, the Family Court received the documentation from the SCU in support of the proposed adjusted order. On September 25, 1995, the court received a letter from respondent objecting to the adjusted order and requesting a hearing. Respondent’s letter said that he would be overseas from October 8, 1995 to November 19, 1995.
On November 21, 1995, the Hearing Examiner, Steven R. Kaufman, held a fact-finding hearing on the proposed adjusted support order. The parties stipulated into evidence all the financial information contained in the SCU file.
On December 19, 1995, findings of fact by the Hearing Examiner were entered and an order was entered directing that the proposed adjusted order be executed immediately. On December 19, 1995, the adjusted order of support was signed and entered. It contained no retroactivity provision and was therefore effective on the date it was signed and entered. The adjusted order required Mr. G. to pay $160 weekly in child support, with the direction that he provide health insurance coverage for the child and reimburse petitioner 86% of all uncovered medical expenses.
On January 17, 1996, the court received an objection to the adjusted order by Ms. W., who appeared pro se for the purposes of the objections. On January 19, 1996, the court received Mr. G.’s objections to the Hearing Examiner’s order. Neither party filed rebuttal to the objections of the other.
Section 439 of the Family Court Act authorizes the court, based upon its review of these objections, to (1) remand one or more issues of fact to the Hearing Examiner, (2) make, with or *317 without holding a new hearing, the court’s own findings of fact and order, or (3) deny the objections. For the reasons stated below, the decision of the Hearing Examiner is affirmed, in part, and remanded for a new order consistent with this decision.
Ms. W. objects to the order on several grounds, one of which is that it should have been made retroactive to August 28, 1995 and not to December 13, 1995.* Ms. W. questions whether the result would have been different if she had filed a modification petition instead of complying with the directions of the SCU in completing the papers necessary for the adjustment process. For the reasons stated below, this court holds that the adjusted order of support should be retroactive to October 2, 1995, the date the clerk of the court would have signed the order had there been no objections to it.
Family Court Act § 449 (2) mandates that "[a]ny order of child support made under this article shall be effective as of the earlier of the date of the filing of the petition therefor, or, if the children * * * are in receipt of public assistance, the date for which their eligibility for public assistance was effective.” Amendments to the Family Court Act in 1981 added section 449 to the statute. (L 1981, ch 695, eff Oct. 19, 1981.) In 1981 section 449 read that "[a]ny order of support made under this article shall be effective as of the date of the filing of the petition”. This section was amended in 1992 and was divided into two subdivisions. The first subdivision refers only to spousal support orders, and the second subdivision refers only to child support orders. The same language regarding retroactivity of orders is found in Family Court Act § 440 (1). Clearly the intent of the Legislature was to require that any order made pursuant to article 4 of the Family Court Act be retroactive to the date of the filing of the petition. Moreover, courts have strictly construed and interpreted Family Court Act § 449. (Sonmez v Sonmez, 121 AD2d 883 [1st Dept 1986]; Ryan v Ryan, 128 AD2d 624 [2d Dept 1987]; Matter of Burke v Adams, 130 AD2d 100 [2d Dept 1987]; Matter of Aiken v Aiken, 115 AD2d 919 [3d Dept 1985].)
The issue of retroactivity of orders becomes problematic in the context of Family Court Act § 413 (3) adjustments because there is no document entitled "petition” filed with the court upon which to determine the date to which the order should be *318 made retroactive. The court has selected the date on which the order would have been signed as the retroactive date because it is the first date that the court’s involvement is required in this new procedure that is part administrative and part judicial — "neither fish nor fowl nor good red herring”. On the 35th day after mailing the proposed adjusted order to the parents, the clerk of the court must ascertain if an objection has been filed. If no objections have been filed, the clerk signs the order. If an objection has been filed, the clerk refers the matter to the Hearing Examiner to schedule a hearing. (18 NYCRR 347.26 [f] [1] [iii].) Thus the 35th day after the mailing of the proposed order is the date that the proceeding commences in Family Court. In any other Family Court proceeding, the date of commencement is the date that a petition is filed. For purposes of interpreting section 449 (2) in the context of an adjustment proceeding, the court holds that the date a petition is filed and the date a proceeding is commenced are the same.
The rules of statutory construction support this reasoning. The foremost consideration in construing a statute is to give effect to the Legislature’s intent and to give meaning to the spirit and purpose of the law. The court must read and interpret the language of a statute in a way that furthers its goals and purposes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 96; see, People v Eulo, 63 NY2d 341, 354 [1984].) One of the goals and purposes of article 4 of the Family Court Act is to ensure that both parents contribute to the support of their children and that children not "unfairly bear the economic burden of their parent’s separation”. (Governor’s Mem approving L 1989, ch 567, 1989 NY Legis Ann, at 250; see also, Matter of Cassano v Cassano, 85 NY2d 649 [1995].) In addition, the rules of statutory construction mandate that all parts of a statute be construed together. (McKinney’s Cons Laws of NY, Book 1, Statutes § 97.) Reading the provisions of article 4 together requires that the conditions of section 449 (2) be applied to section 413 (3) adjustment orders.
The court must fix a date that the adjustment orders are to become effective. To hold that the effective date of the order is the date of the decision after hearing is rendered would have an unjust result in that the retroactive date would be tied to the court scheduling. The effective dates of the adjusted order could vary by weeks or months depending upon the court calendar, where one resides, or the Hearing Examiner’s vacation schedule. In the instant case, Mr. G., in his letter object *319 ing to the proposed order, indicated that he would be overseas from October 8, 1995 to November 19, 1995.
Even if this court were to find that the mandatory language of section 449 (2) does not apply to adjusted orders, the court has the discretion to adjust the proposed order pursuant to Family Court Act § 413 (1) (f) (1)-(10). This section allows the court to adjust the basic child support obligation if it is unjust and inappropriate. The statute gives the court discretion to consider "[a]ny * * * factors the court determines are relevant in each case”. (Family Ct Act § 413 [1] [f] [10].) Relevant factors exist to amend the proposed order and to find that it should be effective as of the date the order would have been signed in the absence of an objection. A relevant factor that the court has considered is that the new order provides a considerable increase in child support to Ms. W. over the prior order. Even though Mr. G. may have voluntarily increased his support in 1993, he stopped paying the increase simultaneously with receiving the paperwork from the SCU that would increase his child support payment. Moreover, the delay in these proceedings was directly attributable to Mr. G.’s trip overseas. Respondent should not be allowed to benefit from a delay he caused. The final relevant factor that the court has considered is that it would be unjust and unfair not to make this order retroactive to the date the proposed adjusted order would have been signed. Ms. W. would be entitled to the date of filing arrears had she brought her own modification petition instead of relying on the SCU to file it for her. Moreover, there is no indication that she was on notice of the fact that she would not be entitled to the retroactive effect of the order if she cooperated with the SCU in completing the adjustment proceeding instead of filing her own modification petition.
The Hearing Examiner’s powers in the adjustment procedure have been held to extend beyond merely ruling on the correctness of the proposed order. In Matter of Yuschuk v Eichas (168 Misc 2d 775 [Fam Ct, Monroe County 1996]) the Family Court held that in section 413 (3) reviews the Hearing Examiner had the authority to make a correction to a proposed order where there was an error in the calculation of the proposed support amount. Judge Taddeo further found that there were "no limitations in the statute applicable to the Hearing Examiner’s role in the support adjustment process under Family Court Act § 413 (3).” (Supra, at 778.) The effect of Yuschuk is to treat the adjustment process as a modification petition. The court may exercise its discretion pursuant to *320 Family Court Act § 413 (1) (f) (10) and amend the proposed order so that the effective date of the order is retroactive to the date the order would have been signed had there been no objection to it.
It is unfortunate that the Legislature did not set forth a complete procedure for the courts to follow in adjusting child support orders. This court is reluctant to remedy the ills found in section 413 (3) and believes that task is usually best left to the Legislature. However, to shrink from the task would mean that the purposes of article 4 would not be effectuated, and a child would not receive the support to which he is entitled. In addition, it is the explicit intent of the Legislature to have support orders retroactive to the date of the filing of the petition. There is no reason that an order made pursuant to a modification petition should be treated differently than an order made pursuant to an adjustment proceeding.
The office of the Hearing Examiner is directed to prepare a new adjusted order that is retroactive to October 2, 1995. The new order shall contain provisions for the date of filing arrears to be paid at a rate of $10 weekly until the arrears are fully paid.
[Portions of opinion omitted for purposes of publication.]

 This decision has been edited for publication. Petitioner’s other objections to the order have been deleted.