■ RANDON C. SAXTON, Appellant, v MARY V. SAXTON, Respondent. [699 NYS2d 537] —Mercure, J. P. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered July 24, 1998 in Albany County, which granted defendant's cross motion to extend the period of support of the parties' children until they reach the age of 21.

The parties were married on December 1, 1979 in the City of Schenectady, Schenectady County. They have three children, born in 1983, 1986 and 1988. The parties separated in May 1994. A July 1994 order of a Maryland court established plaintiff's child support obligation at $320 per week beginning July 25, 1994. The parties entered into a separation agreement dated January 11, 1996. That instrument made no provision for child support other than to acknowledge the existing order of the Maryland court and set forth the parties' agreement "to pay child support in accordance with [that order] as may be amended upon petition by either party for appropriate reasons". The separation agreement also provided that it was to be "construed in accordance with the laws of the State of Maryland which are in effect at the time of [its] execution". A May 1996 judgment of divorce rendered by the Circuit Court for Washington County, Maryland, provided that the terms of the separation agreement be merged therein.

By November 1996, the parties and their children were all living in New York. A March 1997 order of Supreme Court continued the current award of maintenance and directed defendant to execute and file all necessary documents to effect a division of marital property as provided for in the judgment of divorce. Then, in May 1998 plaintiff moved to have defendant held in contempt for failing to comply with the March 1997 order and for interfering with plaintiff's visitation rights. Defendant cross-moved for (as relevant here) an order modifying the judgment of divorce so as to require that plaintiff provide for the children's support to age 21. In opposition to that branch of the cross motion, plaintiff contended that the provision of the separation agreement that it was to be construed in accordance with Maryland law required that child support end at age 18, consistent with Maryland law. Supreme Court granted

defendant's cross motion and extended the period of support of the parties' children to the age of 21. Plaintiff appeals.

We affirm. In view of the fact that the parties and their children all reside in New York, there can be no doubt that Supreme Court had jurisdiction to modify the Maryland support order (see, Family Ct Act § 580-613 [a]) and, in so doing, to apply New York substantive law (see, Family Ct Act §§ 413, 580-613 [b]; *Matter of Greene v Greene*, 167 AD2d 606; *Matter of Lucas v Fiero*, 138 AD2d 488; *Matter of Ryan v Ryan*, 128 AD2d 624), which requires parental support of a child until he or she reaches age 21 (see, Domestic Relations Law § 240 [1-b] [b] [2]; Family Ct Act § 413 [1] [a]). As stated by a noted commentator: "[Family Court Act § 413] codifies a broad policy concerning parents' duty to support their children in accordance with the children's needs and the parents' resources. This duty is not circumscribed by the child support provisions of out-of-state determinations; the principle of comity does not require the recognition of a support provision so inadequate as to offend New York's public policy" (3 Lansner-Reichler, NY Civ Prac: Matrimonial Actions § 47.02 [2] [a] [ii]). Contesting none of the foregoing, plaintiff nonetheless contends that the provision requiring that the parties' separation agreement be construed in accordance with Maryland law required Supreme Court to apply that State's substantive law. We disagree. Plaintiff's analysis overlooks the fact that it was an order of a Maryland court, and not the parties' separation agreement, that established plaintiff's support obligation and that the present proceeding does not involve any construction of the separation agreement. Unlike the case of *Neckers v Neckers* (160 AD2d 693), upon which plaintiff places some reliance, the parties' agreement established neither the level nor the duration of plaintiff's child support obligation. It is therefore unnecessary to determine whether any agreement to limit the duration of plaintiff's child support obligation to age 18 constituted an allocation of the parties' mutual financial obligations to support their children (cf., *id.*).

Plaintiff's remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.