■ In the Matter of LAURA PASKULY, Respondent, v STUART LOWENKRON, Appellant. (Appeal No. 1.) [794 NYS2d 531]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered August 26, 2003. The order denied respondent's objections to an amended order of the Support Magistrate dated June 23, 2003 determining respondent's child support obligation and amount of arrears.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the objections are granted and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Petitioner and respondent were married and subsequently divorced in Tennessee. Pursuant to the Tennessee judgment of divorce dated January 13, 1999, petitioner was granted full custody of the parties' two children and respondent was ordered to pay $4,600 per month as child support, with $1,400 deposited into an educational account and $3,200 paid directly to petitioner. The judgment also ordered respondent to pay $9,600 in arrears. A Tennessee Court of Appeals reduced respondent's child support obligation to $4,200, with $3,200 paid directly to petitioner for support and $1,000 to the educational account. Respondent, a physician, subsequently stopped practicing medicine because of a disability. By order dated August 28, 2000, respondent's child support obligation was modified to $1,000 per month from June

1, 2000 until respondent received his disability benefits. When the disability benefits commenced, he was obligated to pay $2,560 per month and, "[u]pon [respondent's] return to the practice of medicine and at such time as he secures employment, [respondent's] child support obligation shall resume in accordance with the provisions of the original judgment." Until respondent returned to work, the obligation to fund the educational account was suspended. The order fixed respondent's child support arrears at $10,120.

During the summer of 2000, petitioner and the children moved to Cattaraugus County and respondent moved to Long Island. Respondent practiced medicine from October 2000 until March 2001, when he again went on disability. Respondent sought modification of the August 28, 2000 Tennessee order, and by order dated April 11, 2001, the Chancery Court for Hamblen County, Tennessee ordered that:

"The previous Order entered August 2[8], 2000 is modified to reduce the child support arrearage by $694 and to reduce the child support arrearage owed to [petitioner] by $1,800. Accordingly, [respondent's] child support arrearage is reduced to $9,426. [Respondent] owes no spousal support arrearages and that aspect of the Judgment is reduced to zero . . .

"The previous order entered August 2[8], 2000 is modified and superseded to provide that[,] upon [respondent's] return to the practice of medicine and at such time as he secures employment, [respondent's] child support obligation shall be calculated at the appropriate amount to be paid in accordance with the guidelines, which amount will be effective retroactively to the date of his re-employment with such level of income."

Thereafter, petitioner filed three petitions in Family Court, Cattaraugus County, to enforce the Tennessee judgment of divorce, to mandate that the child support payments be made through the Cattaraugus County Support Collection Unit, and to enforce that part of the divorce judgment obligating respondent to contribute $1,400 per month to the children's educational account. It is undisputed that petitioner registered the Tennessee judgment of divorce and the August 28, 2000 order, but not the April 11, 2001 order, with Family Court, Cattaraugus County. On June 12, 2002, respondent filed a petition in Family Court, Cattaraugus County, seeking to modify the April 11, 2001 order to reduce his child support obligation, but did not register that order.

The Support Magistrate conducted a hearing on petitioner's first two petitions and respondent's petition, and set respondent's child support obligation and calculated the arrears in

part by his interpretation of the unregistered April 11, 2001 order. In appeal No. 1, the Support Magistrate applied the statutory percentage to that portion of the combined parental income exceeding $80,000 and set respondent's child support obligation at $2,976 per month and arrears at $42,156.21. Respondent filed objections challenging the Support Magistrate's determination on, inter alia, jurisdictional grounds. Family Court denied respondent's objections. In appeal No. 2, the Support Magistrate determined that respondent was obligated under the Tennessee judgment of divorce to contribute to the educational account. However, the August 28, 2000 Tennessee order modified that obligation to zero until respondent returned to work. The Support Magistrate calculated respondent's arrears from January 1999 to July 2000 as $25,200. Respondent filed objections, contending that he was denied a hearing and that the educational account obligation cannot be ordered as a separate obligation. The court denied the objections on the ground that the parties consented to petitioner's third petition being determined on submission.

We agree with the contention of respondent that the court lacked jurisdiction to enforce or modify the unregistered Tennessee order. Both the Federal Full Faith and Credit for Child Support Orders Act ([FFCCSOA] 28 USC § 1738B) and the Uniform Interstate Family Support Act ([UIFSA] Family Ct Act § 580-101 *et seq.*) grant "continuing, exclusive jurisdiction over" a child support order to the state that issued the order (28 USC § 1738B [d]; *see* Family Ct Act § 580-205 [a], [d]; *Matter of Auclair v Bolderson*, 6 AD3d 892, 893 [2004], *lv denied* 3 NY3d 610 [2004]). The issuing state, here Tennessee, lost such jurisdiction when the parties and children moved to New York (*see* 28 USC § 1738B [e] [2] [A]; [d]; Family Ct Act § 580-205 [a] [1]).

Although both parties reside in New York (*see* Family Ct Act § 580-613 [a]), a New York court does not automatically have jurisdiction to enforce or modify the Tennessee orders (*see* 28 USC § 1738B [e] [2]). Where, as here, no written consent to the change in jurisdiction has been filed, FFCCSOA requires that, "[i]f there is no individual contestant or child residing in the issuing [s]tate, the party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another [s]tate shall register that order in a [s]tate with jurisdiction over the nonmovant for the purpose of modification" (28 USC § 1738B [i]; *see* 28 USC § 1738B [e] [1]). UIFSA states that "[a] party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another state shall register that order in this state" (Family Ct Act § 580-609).

Thus, a New York court, as a court of a nonissuing state, may modify the judgment or order if it is registered in this state (*see* 28 USC § 1738B [i]; Family Ct Act § 580-611 [a]). Here, petitioner failed to register the April 11, 2001 Tennessee order in New York, and consequently the court lacked subject matter jurisdiction to enforce the April 11, 2001 Tennessee order (*see* 28 USC § 1738B [i]; Family Ct Act §§ 580-601, 580-603, 580-610 580-613). We therefore reverse both orders, grant the objections and remit the matters to Family Court to dismiss the petitions unless either party if he or she chooses to do so, within 30 days of service of a copy of the orders of this Court with notice of entry, establishes jurisdiction in Family Court nunc pro tunc in accordance with the provisions of 28 USC § 1738B (i) and Family Court Act § 580-609, in which event the court is to determine the merits of the petitions. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.