OPINION OF THE COURT
Colleen D. Duffy, J.
*1037 On December 11, 2003, the Department of Social Services (DSS) filed a petition alleging that the respondent mother, US, abused and neglected the subject child, AS. The petition alleges that the respondent beat a sibling of the subject child until that child died of the injuries inflicted by the respondent. Based on those allegations, the subject child was alleged to be at risk of being abused and neglected. During the pendency of this case, the respondent was incarcerated pending trial on charges that included, among other charges, the murder of the subject child’s sibling. After a criminal trial, the respondent was convicted of murder in the second degree (Penal Law § 125.25 [4]) and endangering the welfare of a child (Penal Law § 260.10 [1]). On September 14, 2004, the respondent was sentenced, in her criminal matter, to a term of 25 years to life in prison.
After several adjournments, pursuant to Family Court Act § 1051 (a), on January 19, 2005, upon consent of all parties, including the law guardian, the court issued an order adjudicating the subject child as being an abused child as defined by Family Court Act § 1012 (e). Upon consent of all parties, the subject child was scheduled to be placed with her maternal grandmother pursuant to Family Court Act § 1055 (a) after several overnight visits first were to have occurred. However, before physical custody of the child was to be transferred pursuant to Family Court Act § 1055 (a), the maternal grandmother informed the Department of Social Services that she did not wish to continue having custody of the subject child. The subject child was then placed in the care and custody of the Department of Social Services.
On July 6, 2005, the Department of Social Services filed a motion seeking an order from this court pursuant to Family Court Act § 1039-b to be relieved from exercising reasonable efforts to reunify the subject child and the respondent. The respondent filed an affirmation in opposition arguing that “[Respondent’s murder conviction is currently under appeal.” The respondent further argues that the court “should refrain from entering an Order . . . until Respondent’s appeal is decided.” The law guardian also submitted a reply in support of the Department of Social Services’ motion.
Family Court Act § 1022 requires that DSS make reasonable efforts to prevent a child from being removed from a parent’s care and custody prior to such removal. Once a child is removed from his or her parents’ care and the child is placed in foster care, Family Court Act § 1055 requires that reasonable efforts *1038 be made for the safe return of the child to her home. (See also, Social Services Law § 384-b.) Notwithstanding these Family Court Act provisions, Family Court Act § 1039-b (b) (2) provides, in pertinent part, that the Department of Social Services may ask the court to find that reasonable efforts to return the child to her home are not required if the parent of a child has been convicted of murder in the second degree and “the victim was another child of the parent.” The statute further states that “in determining reasonable effort [s] to be made with respect to a child, . . . the child’s health and safety shall be the paramount concern.” (Family Ct Act § 1039-b [c].)
The Department of Social Services now seeks a finding from this court to allow them to cease reasonable efforts to be made to reunify the subject child and the respondent pursuant to the dictates of Family Court Act § 1039-b. The respondent’s contention that reasonable efforts should continue because her “murder conviction is currently under appeal” has no merit.
As an initial matter, the court notes that the statute does not provide for such an exception. Furthermore, “[t]he foremost consideration in construing a statute is to give effect to the Legislature’s intent and to give meaning to the spirit and purpose of the law. The court must read and interpret the language of a statute in a way that furthers its goals and purposes.” (Matter of Commissioner of Social Servs. v Vito G., 171 Misc 2d 315, 318 [1996].) The intent of Family Court Act § 1039-b is to provide for permanency for the subject child and expedite “possible termination of parental rights in cases involving extreme forms of abuse.” (Sobie, 2003 Practice Commentaries, McKinney’s Cons Laws of NY, Book 29-A, Family Ct Act § 1039-b, 2005 Pocket Part, at 27.) Here, the respondent has been found guilty of murder in the second degree, involving a child of the respondent and sibling of the subject child, which is one of the enumerated crimes in the statute for which such relief shall be granted by the court. The respondent has been sentenced to 25 years to life in prison, a sentence for which reunification between parent and the subject child in any foreseeable future is not possible. Requiring DSS to undertake reasonable efforts to reunify the subject child and the respondent until respondent’s appeal of her murder conviction is decided would undermine any permanency planning for the subject child, possibly for years, while such appeal is pending. Such a result is contrary to the intent of the statute and not in the best interests of the subject child. The health and safety of the *1039 subject child necessitate a realistic permanency plan. (See generally, Matter of Marino S., 293 AD2d 223 [2002].)
Accordingly, this court finds that the Department of Social Services has met its burden, under Family Court Act § 1039-b and, thus, the court orders that DSS has no further obligation to continue with reasonable efforts to reunify the respondent and the subject child.