Matter of Napolitano v Napolitano (2023 NY Slip Op 03465)

Matter of Napolitano v Napolitano

2023 NY Slip Op 03465

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08749
2022-08750
 (Docket No. F-1663-11/22F)

[*1]In the Matter of John Napolitano, appellant, 
v
Marie L. Napolitano, respondent. Law Office of Debra Palazzo, LLC, Hawthorne, NY, for appellant.

Marie Napolitano, named herein as Marie L. Napolitano, Hawthorne, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Rosa Cabanillas-Thompson, S.M.), dated August 5, 2022, and (2) an order of the same court (Nilda Morales Horowitz, J.) dated September 27, 2022. The order dated August 5, 2022, insofar as appealed from, after a hearing, in effect, denied that branch of the father's petition which was, in effect, to reduce his obligation to pay 50% of the college expenses of the subject children. The order dated September 27, 2022, denied the father's objections to so much of the order dated August 5, 2022, as, in effect, denied that branch of the father's petition which was, in effect, to reduce his obligation to pay 50% of the college expenses of the subject children.
ORDERED that the appeal from the order dated August 5, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 27, 2022; and it is further,
ORDERED that the order dated September 27, 2022, is reversed, on the law, without costs or disbursements, the father's objections to so much of the order dated August 5, 2022, as, in effect, denied that branch of the father's petition which was, in effect, to reduce his obligation to pay 50% of the college expenses of the subject children are granted, that portion of the order dated August 5, 2022, is vacated, and the matter is remitted to the Family Court, Westchester County, for a hearing to determine the parties' intent in allocating post-secondary school expenses for the subject children in the context of their settlement agreement and a new determination thereafter of that branch of the father's petition which was, in effect, to reduce his obligation to pay 50% of the college expenses of the subject children.
The parties, who have two children together, divorced in 2013. In a settlement agreement, which was incorporated but not merged into a judgment of divorce, the parties agreed that they would each "pay 50% for the college/technical/vocational school expenses of the children." The parties added to that provision the following handwritten sentence: "The said payments are limited by each parent's ability to pay." In 2022, the father petitioned for a downward modification of his child support obligation, and the mother, in a cross-petition, alleged a violation of a child [*2]support order. Following a hearing on July 25, 2022, the Support Magistrate, inter alia, in effect, denied that branch of the father's petition which was, in effect, to reduce his obligation with respect to the children's college expenses. The Support Magistrate found that the handwritten sentence in the settlement agreement limited the father's payments, but not his obligation to pay a total of 50% of those expenses. The Support Magistrate concluded that the father's "obligation for college costs could be limited to a modest weekly payment plan." The father filed objections to this portion of the Support Magistrate's order. The Family Court denied the father's objections. The father appeals.
"A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation" (Matter of Abramson v Hasson, 184 AD3d 768, 770 [internal quotation marks omitted]). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Toscano v Toscano, 153 AD3d 1440, 1442). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (Ayers v Ayers, 92 AD3d 623, 624). "Whether a writing is ambiguous is a matter of law for the court, and the proper inquiry is whether the agreement on its face is reasonably susceptible of more than one interpretation" (id. at 625 [internal quotation marks omitted]). "In making this determination, the court also should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed" (Matter of Abramson v Hasson, 184 AD3d at 770). "Where a contract is ambiguous, the court may consider the construction placed on the contract by the parties to help ascertain the meaning" (id. [internal quotation marks omitted]). "The role of the court is to determine the intent and purpose of the stipulation based on the examination of the record as a whole" (id. [internal quotation marks omitted]).
Here, the meaning of the subject handwritten sentence in the parties' settlement agreement is ambiguous (see id.). Given the ambiguity, the Support Magistrate should have held a hearing to determine the parties' intent in providing that "said payments are limited by each parent's ability to pay," as there was no fact-finding inquiry as to this issue at the hearing on July 25, 2022. Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing to determine the parties' intent in allocating post-secondary school expenses for the subject children in the context of their settlement agreement and a new determination thereafter of that branch of the father's petition which was, in effect, to reduce his obligation to pay 50% of the college expenses of the subject children.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court