Matter of O'Connor v Shaw (2024 NY Slip Op 06046)

Matter of O'Connor v Shaw

2024 NY Slip Op 06046

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-07346
2022-07348
 (Docket No. F-11125-19)

[*1]In the Matter of Valerie O'Connor, appellant,
v
Kenneth Shaw, respondent.

Valerie O'Connor, Chappaqua, NY, appellant pro se.
Kenneth Shaw, Chappaqua, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Westchester County (Rosa Cabanillas-Thompson, S.M), dated April 8, 2022, and (2) an order of the same court (Nilda Morales Horowitz, J.) dated June 21, 2022. The order dated April 8, 2022, insofar as appealed from, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation only to the extent of awarding her the sum of $1,544.29 per month by applying Colorado law. The order dated June 21, 2022, denied the mother's objections to that portion of the order dated April 8, 2022.
ORDERED that the appeal from the order dated April 8, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 21, 2022; and it is further,
ORDERED that the order dated June 21, 2022, is reversed, on the law, without costs or disbursements, the mother's objections to so much of the order dated April 8, 2022, as granted her petition to modify and recalculate the father's child support obligation only to the extent of awarding her the sum of $1,544.29 per month by applying Colorado law are granted, that portion of the order dated April 8, 2022, is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
The parties, who have two children, divorced in 2018 in the state of Colorado. Pursuant to an order of the District Court, Boulder County, in the state of Colorado (hereinafter the Colorado support order), the parties were to recalculate child support on an annual basis pursuant to Colorado Revised Statutes § 14-10-115(14). In August 2018, the parties and their children relocated from Colorado to New York and have resided in New York since that time.
In November 2020, the mother filed a petition for an upward modification of the father's child support obligation. Following a hearing, in an order dated April 8, 2022, a Support Magistrate, inter alia, granted the mother's petition to the extent of directing the father to pay child support in the sum of $1,544.29 per month, which was the father's presumptive child support obligation under Colorado Revised Statutes § 14-10-115. The mother filed objections to that portion of the Support Magistrate's order. In an order dated June 21, 2022, the Family Court denied the mother's objections. The mother appeals.
"The Uniform Interstate Family Support Act . . . , 'adopted in New York as article 5-B of the Family Court Act, grants continuing, exclusive jurisdiction over a child support order to the state that issued the order'" (Matter of Sherman v Killian, 225 AD3d 771, 772, quoting Matter of Salim v Freeman, 204 AD3d 677, 678; see Matter of Spencer v Spencer, 10 NY3d 60, 66; Matter of Deazle v Miles, 77 AD3d 660, 662, citing Family Ct Act § 580-205[a]). "As relevant herein, the issuing state loses such jurisdiction where none of the parties or children continue to reside in that state" (Matter of Deazle v Miles, 77 AD3d at 662; see Family Ct Act § 580-613[a]). Here, it is undisputed that the parties and their children reside in New York and that the mother registered the Colorado support order in this state. Thus, the Family Court, Westchester County, had jurisdiction to adjudicate the proceeding (see 28 USC § 1738; Family Ct Act §§ 580-611[a]; 580-613[a]; see also Matter of Paskuly v Lowenkron, 17 AD3d 1007, 1009; Matter of Saxton v Saxton, 267 AD2d 688, 689).
Further, Family Court Act § 580-613(b) provides that, in a modification proceeding brought pursuant to section 580-613(a), the court "shall apply . . . the procedural and substantive law of this state" (see Matter of Brooks v Brooks, 171 AD3d 1462, 1463; Matter of Saxton v Saxton, 267 AD2d at 689). Here, the Support Magistrate improperly applied Colorado law in calculating the father's modified support obligation (see Family Ct Act § 580-613[b]; Matter of Brooks v Brooks, 171 AD3d at 1463; Matter of Saxton v Saxton, 267 AD2d at 689). Accordingly, the Family Court should have granted the mother's objections.
We remit the matter to the Family Court, Westchester County, for recalculation of the father's modified child support obligation in accordance with the Child Support Standards Act (see Domestic Relations Law § 240[1-b]), following a hearing, if necessary, to adduce evidence relevant to that recalculation (see Matter of Napolitano v Napolitano, 217 AD3d 948, 950).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court