■ ROBIN COHEN-DAVIDSON, Appellant, v ALAN D. DAVIDSON, Respondent. [740 NYS2d 68] —In a matrimonial action in which the parties were divorced by judgment entered February 28, 1997, which incorporated but did not merge the terms of a stipulation of settlement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered April 18, 2000, as denied that branch of her cross motion which was to compel the defendant to reimburse her for his pro rata share of reasonable unreimbursed orthodontic expenses for the parties' children, and which determined that the parties' stipulation of settlement required her to use only in-plan health care providers for the

parties' children, except in the case of an emergency, or forego reimbursement by the defendant for the unreimbursed medical expenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was to compel the defendant to reimburse the plaintiff for the defendant's pro rata share of reasonable unreimbursed orthodontic expenses for the parties' children is granted, and the matter is remitted to the Supreme Court, Nassau County, for submission of an affidavit by the plaintiff, with documentary proof, of the sums currently due by the defendant for his pro rata share of the children's unreimbursed orthodontic expenses.

A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation (see, Rainbow v Swisher, 72 NY2d 106, 109; Malleolo v Malleolo, 287 AD2d 603; Girardin v Girardin, 281 AD2d 457). A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning (see, Slatt v Slatt, 64 NY2d 966, 967; Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726; Matter of Tillim v Fuks, 221 AD2d 642, 643). Moreover, a court cannot reform an agreement to conform to what it thinks is proper, if the parties have not assented to such a reformation (see, Cappello v Cappello, 286 AD2d 360; Tinter v Tinter, 96 AD2d 556, 557; Leffler v Leffler, 50 AD2d 93, 95, affd 40 NY2d 1036).

The Supreme Court erred in its interpretation of the parties' stipulation of settlement, and improperly read into that agreement a condition which was not part of the stipulation. The stipulation of settlement provided that "[t]he Husband shall continue his present dental insurance for the unemancipated children." The defendant's insurance policy permits the use of both in-plan and out-of-plan providers. The use of an out-of-plan provider, however, results in a reduced amount of reimbursed expenses.

The use of out-of-plan providers is not prohibited by the stipulation of settlement. Moreover, the agreement contains a provision for the sharing of unreimbursed medical expenses in proportion to the parties' respective incomes in accordance with the Child Support Standards Act (see, Domestic Relations Law § 240 [1-b] [c] [5]). This provision of the stipulation of settlement is broad enough to encompass health care provided by both in-plan and out-of-plan providers, and it was improper for the Supreme Court to compel the plaintiff to use only in-

plan providers or bear the entire cost of utilizing out-of-plan providers.

While the defendant was entitled to challenge the reasonableness of the medical expenses for which the plaintiff seeks reimbursement (*see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Jessup v LaBonte,* 289 AD2d 295; *Matter of Burke v Burke,* 245 AD2d 1007, 1008-1009; *Matter of Bruder v Aggen,* 244 AD2d 797, 799), he did not challenge the cost of the orthodontic treatments on the ground that the fees charged were unreasonable or that the dental care was unnecessary. Therefore, that branch of the plaintiff's cross motion which was to compel reimbursement of these fees should have been granted.

The matter is remitted to the Supreme Court, Nassau County, for the plaintiff to submit an affidavit and supporting documentation concerning the amount of unreimbursed orthodontic expenses for which she seeks reimbursement from the defendant in accordance with the parties' stipulation of settlement. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.