■ Marilyn De Luca, Appellant, v Louis E. De Luca, Respondent. [751 NYS2d 766] —In a matrimonial action in which the parties were divorced by judgment entered May 22, 1998, the plaintiff appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 10, 2001, which denied her motion, inter alia, to modify a qualified domestic relations order by deleting the provision that the costs associated with the former spouse survivor annuity will be proportionately shared between the parties.

Ordered that the order is affirmed, with costs.

On January 14, 1998, the parties entered into a stipulation of settlement, and were subsequently granted a judgment of divorce, entered May 22, 1998. The stipulation of settlement was incorporated but did not merge into the judgment of divorce. Both the stipulation of settlement and judgment of divorce stated that the plaintiff was entitled to 50% of the accumulated benefits accrued under the defendant's retirement plan based on a dual life annuity.

A matrimonial settlement is a contract subject to the principles of contract interpretation (*see Rainbow v Swisher,* 72 NY2d 106; *Girardin v Girardin,* 281 AD2d 457). Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (*see Rainbow v Swisher, supra*).

The plaintiff contends that the qualified domestic relations order (hereinafter QDRO) does not comply with the stipulation of settlement as it provides that the parties shall share equally in the costs associated with the maintenance of a dual life annuity. As the stipulation of settlement states that the parties shall each receive 50% of the accumulated benefits accrued under the defendant's retirement plan, the QDRO properly reflected the terms of the stipulation. Therefore, the plaintiff's motion was properly denied.

The plaintiff's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.