■ CHERYL HANFLING, Respondent, v PHILIP HANFLING, Appellant. [808 NYS2d 117]—

In a matrimonial action in which the parties were divorced by judgment entered February 13, 2001, which incorporated but

did not merge the terms of a stipulation of settlement, the defendant appeals from (1) a money judgment of the Supreme Court, Nassau County (Berkowitz, J.), entered May 19, 2004, which, after a hearing, and upon an order of the same court entered May 10, 2004, is in favor of the plaintiff and against him in the principal sum of $16,376.73, representing his 50% share of reasonable unreimbursed medical expenses, and (2) a money judgment of the same court, also entered May 19, 2004, which, after a hearing, and upon the order entered May 10, 2004, is in favor of the plaintiff and against him in the principal sum of $6,666, representing maintenance and child support arrears.

Ordered the defendant's notice of appeal from the order entered May 10, 2004, is deemed a premature notice of appeal from the money judgments (see CPLR 5520 [c]); and it is further,

Ordered that the money judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the defendant's contention, the parties' separation agreement does not prohibit the plaintiff from bringing the parties' children to out-of-plan medical providers (see Cohen-Davidson v Davidson, 291 AD2d 474 [2002]). Thus, the Supreme Court properly awarded the plaintiff one half of the unreimbursed medical expenses.

The defendant's remaining contention is unpreserved for appellate review. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.