■ ROBERT LINCER, Appellant, v DEBORAH R. LINCER, Respondent. [816 NYS2d 550]—

In a matrimonial action in which the parties were divorced by amended judgment dated March 5, 1992, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Berkowitz, J.), dated July 30, 2004, as granted those branches of the mother's cross motion which were for an upward modification of his child support obligation, an award for unreimbursed medical expenses for the child, and an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the mother's cross motion which was for an upward modification of the father's child support obligation to the extent of awarding child support to the mother in the sum of $572.11 per week from September 2, 2002 to August 2003, and $410.23 per week thereafter, and substituting therefor a provision granting that branch of the motion to the extent of awarding her child support in the sum of $553.10 per week for the time the parties' daughter is home from college, and $391.21 per week for the time she is at college until the date of her emancipation on June 12, 2006; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Contrary to the father's contention on appeal, there is "sufficient record indication" that application of the statutory percentage of the Child Support Standards Act (hereinafter CSSA) to parental income over $80,000 was justified (*see Matter of Cassano v Cassano*, 85 NY2d 649 [1995]; *Kaplan v Kaplan*, 21 AD3d 993 [2005]). However, the Supreme Court erred in calculating the father's child support obligation (*see Matter of Dodaro v Beyer*, 297 AD2d 379 [2002]). Thus, the award must be modified. However, rather than remitting the matter to the Supreme

Court, Nassau County, for a recalculation of the father's child support obligation, we do so in the interest of judicial economy. Applying the guidelines under the CSSA, we calculate the father' child support obligation to be $553.10 per week for the time the parties' daughter is home from college, and $391.21 per week for the time she is at college until the date of her emancipation on June 12, 2006. The reduction reflects a credit for the cost of room and board, which is being paid by the father (*see Lee v Lee,* 18 AD3d 508 [2005]).

The Supreme Court's award of unreimbursed medical expenses to the mother was appropriate pursuant to the father's obligation under the judgment of divorce to pay for "nonelective medical and dental care expenses" for his daughter (*see e.g., Matter of Walsh v Karamitis,* 291 AD2d 749 [2002]). Contrary to the father's contention, the judgment did not obligate the parties' daughter to be treated by the least expensive doctor (*see Hanfling v Hanfling,* 23 AD3d 433 [2005]).

The father's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.