■ EILEEN M. AYERS, Appellant, v GARY S. AYERS, Respondent. [938 NYS2d 572]—

The parties entered into a stipulation of settlement (hereinafter the stipulation) dated October 21, 1994, and were divorced pursuant to a judgment entered June 19, 1995. Pursuant to the stipulation, which survived and did not merge into the judgment, the parties agreed, inter alia, to pay the costs of tuition, room and board, and books, as well as related fees for the college education of their children "on a pro rata basis in accordance with their income and assets." Beginning in August 2004, the parties' oldest child began attending college, and the younger child started college in August 2008. The defendant took charge of calculating the parties' pro rata share, and determined the parties' respective incomes and assets by deducting the amount of child support payments he made from his income and adding that amount to the plaintiff's income. From 2004 until 2009, the plaintiff paid to the defendant her alleged pro rata share which was based on his calculations. In May 2010, the plaintiff moved for leave to enter a money judgment for amounts she allegedly overpaid towards the children's college expenses, and to compel production of the defendant's W-2 statements and tax returns for the years 2003 through 2009. The Supreme Court determined that the plaintiff's payments were "voluntary" and that she could not seek any reimbursement therefor. The plaintiff appeals, and we reverse.

A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation (see *Rainbow v Swisher*, 72 NY2d 106 [1988]; *De Luca v De Luca*, 300 AD2d 342 [2002]; *Girardin v Girardin*, 281 AD2d 457 [2001]). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see *Slatt v Slatt*, 64 NY2d 966 [1985]; see also *De Luca v De Luca*, 300 AD2d at 342). A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning

(*see Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]). Whether a writing is ambiguous is a matter of law for the court, and the proper inquiry is " 'whether the agreement on its face is reasonably susceptible of more than one interpretation' " (*Clark v Clark*, 33 AD3d 836, 837 [2006], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). In making this determination, the court also should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed (*see Clark v Clark*, 33 AD3d at 837-838). Applying these principles herein, it is clear that the parties did not intend for child support payments to be included as part of "income and assets." Indeed, there is no language in the Stipulation which supports the defendant's determination that child support payments should be added to the plaintiff's income and deducted from his income. Nor can the plaintiff's alleged overpayments be deemed voluntary (*cf. Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467 [2006]).

In addition, although a noncustodial parent who is paying child support and is contributing to the expenses of a child's college education is entitled to a credit for the amounts contributed to college expenses during periods when the child lives away from home, such a credit covers only those expenses associated with the child's room and board, rather than college tuition (*see Matter of Levy v Levy*, 52 AD3d 717, 718 [2008]; *Lincer v Lincer*, 30 AD3d 381, 382 [2006]; *Navin v Navin*, 22 AD3d 474, 476 [2005]; *Imhof v Imhof*, 259 AD2d 666, 667 [1999]). Here, the defendant's formula for calculating the parties' pro rata share did not account for the distinction between tuition expenses and expenses related to room and board. Rather, the defendant, in effect, credited all of the child support payments towards the payment of all of the college expenses.

Finally, inasmuch as the parties' pro rata share of college expenses is based, in part, on their respective incomes, the plaintiff was entitled to production of the defendant's income tax returns and W-2 statements for the years 2003 through 2009. Indeed, the record is virtually devoid of any documentary evidence demonstrating how much each of the parties earned during the time that the children attended college. Consequently, it is not possible to determine the pro rata shares of the parties or the amount of credit the defendant should have received for child support payments. Accordingly, the matter must be remitted to the Supreme Court for further proceedings, including a hearing if warranted, and a new determination of that branch of the plaintiff's motion which was for leave to enter a money judgment for alleged overpayment of her pro rata share of college

expenses (*see Verdrager v Verdrager*, 230 AD2d 786, 788 [1996]; *Rogers v Rogers*, 151 AD2d 738, 738 [1989]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.