In the Matter of BARBARA I. KOROSH, Appellant, v WILLIAM KOROSH, Respondent. [953 NYS2d 72]—

Contrary to the mother's contention, the evidence adduced at the hearing before the Support Magistrate did not establish that the father violated the child support provisions of the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, by failing to pay certain college expenses other than the father's share of student loans obtained by the parties' oldest son to finance that son's college education. Although the mother's attorney made certain factual allegations at the hearing, these allegations did not constitute evidence (*see Matter of Eason v Eason*, 86 AD2d 666 [1982]). Moreover, contrary to the mother's contention, the documentary evidence submitted in support of her objections, allegedly establishing various college expenses owed by the father, was properly disregarded since she did not establish that it was offered at the hearing before the Support Magistrate (*see Matter of Carene S. v Kendall S.*, 96 AD3d 767, 768 [2012]; *Matter of Rzemieniewska-Bugnacki v Bugnacki*, 51 AD3d 1029, 1030 [2008]; *Matter of Williams v Williams*, 37 AD3d 843, 844 [2007]; *Matter of Lahrs v Lahrs*, 158 AD2d 944 [1990]). Accordingly, the Family Court properly denied the mother's objection to so much of the Support Magistrate's order dated June 17, 2011, as denied that branch of her petition which sought compensation for these expenses.

The Family Court, however, improperly denied the mother's objection to so much of the order dated June 17, 2011, as denied that branch of her petition which, in effect, sought to require the father to reimburse the parties' oldest son for the father's share of loans that were obtained by that son in connection with that son's college education, based on provisions of the parties' stipulation of settlement. " 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (*Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011], quoting *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Rainbow v Swisher*, 72 NY2d 106 [1988]; *Ayers v Ayers*, 92 AD3d 623, 624 [2012]). "[A] marital settlement is a contract subject to principles of contract interpretation [and] a court should interpret the contract in accordance with its plain and ordinary meaning" (*Ackermann v Ackermann*, 82 AD3d at 1020

[internal quotation marks omitted]). " 'Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence' " (*id.* at 1021, quoting *Rosenberger v Rosenberger*, 63 AD3d at 899; *see Matter of Meccico v Meccico*, 76 NY2d at 824). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (*Ayers v Ayers*, 92 AD3d at 624). "Whether a writing is ambiguous is a matter of law for the court, and the proper inquiry is whether the agreement on its face is reasonably susceptible of more than one interpretation" (*id.* at 625 [internal quotation marks omitted]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). "In making this determination, the court also should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed" (*Ayers v Ayers*, 92 AD3d at 625).

Here, contrary to the determination of the Family Court, the stipulation of settlement was ambiguous with regard to the father's obligation to, in effect, reimburse the parties' oldest son for the father's share of the expense of student loans. In the absence of a clear and unambiguous provision to the contrary in the stipulation of settlement concerning the matter, "[i]n determining the parents' respective obligations towards the cost of college, a court should not take into account any college loans for which the student is responsible" (*Matter of Yorke v Yorke*, 83 AD3d 951, 952 [2011]; *see Matter of Kent v Kent*, 29 AD3d 123, 133-134 [2006]). Therefore, these loans should not be deducted before calculating the father's share of the son's college costs.

Accordingly, the matter must be remitted to the Family Court, Richmond County, for further proceedings consistent herewith, including a calculation of the respective shares of the father and the parties' oldest son of the expenses of obtaining student loans to pay for the son's college education, and a new determination thereafter of that branch of the petition which, in effect, sought to require the father to reimburse the son for the father's share of loans obtained by the son in connection with the son's college education. Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.