In the Matter of ROSEANN CRAWLEY, Appellant, v MARK CRAWLEY, Respondent. [58 NYS3d 124]—

Appeal by the petitioner from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated August 23, 2016. The order denied the petitioner's objections to so much of

an order of that court (Darlene Jorif-Mangane, S.M.), dated July 19, 2016, as, after a hearing, denied her petition, inter alia, to adjudicate the respondent in willful violation of the health insurance coverage provisions of the parties' judgment of divorce.

Ordered that the order dated August 23, 2016, is affirmed, without costs or disbursements.

The petitioner and the respondent were married on February 12, 1997. The parties entered into a separation agreement on February 18, 2005 (hereinafter the agreement). The agreement was incorporated but not merged into their subsequent judgment of divorce. In relevant part, the agreement provided that "[u]pon an entry of a judgment of divorce, the [respondent] shall assist the [petitioner] in procuring COBRA coverage under existing medical policies to cover the [petitioner] inclusive of Blue Cross/Blue Shield and Major Medical Insurance if available."

Relying on the above-quoted provision, by petition dated April 12, 2016, the petitioner sought, inter alia, an award of $17,996.04, the amount she had paid for her COBRA coverage since the judgment of divorce. After a hearing, the Support Magistrate determined that this provision did not require the respondent to pay for the petitioner's health insurance and that the respondent was not in violation of the judgment of divorce in that regard. The Family Court subsequently denied the petitioner's objections to the Support Magistrate's order. We affirm.

"A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation" (*Matter of Miller v Fitzpatrick*, 147 AD3d 845, 846-847 [2017]; *see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Ayers v Ayers*, 92 AD3d 623, 624-625 [2012]; *De Luca v De Luca*, 300 AD2d 342 [2002]). Where the contract is clear and unambiguous on its face, effect must be given to the intent as indicated by the language used (*see Matter of Miller v Fitzpatrick*, 147 AD3d at 847; *Ayers v Ayers*, 92 AD3d at 624; *De Luca v De Luca*, 300 AD2d at 342). "A court may not write into a contract conditions the parties did not insert . . . and it may not construe the language in such a way as would distort the . . . apparent meaning" (*Matter of Miller v Fitzpatrick*, 147 AD3d at 847; *see Ayers v Ayers*, 92 AD3d at 624-625; *Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]). "Whether a writing is ambiguous is a matter of law for the court, and the proper inquiry is 'whether the agreement on its face is reasonably susceptible of more than

one interpretation' " (*Ayers v Ayers*, 92 AD3d at 625, quoting *Clark v Clark*, 33 AD3d 836 [2006]). "In making this determination, the court also should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed" (*Ayers v Ayers*, 92 AD3d at 624-625; *see Clark v Clark*, 33 AD3d at 837-838).

Applying these principles here, it is clear from its language that the agreement did not require the respondent to pay for the petitioner's health insurance (*see D'Iorio v D'Iorio*, 135 AD3d 693, 695 [2016]; *Paulson v Paulson*, 107 AD3d 677, 678 [2013]; *Malleolo v Malleolo*, 287 AD2d 603, 604 [2001]; *Myers v Myers*, 242 AD2d 372, 372 [1997]; *Miness v Miness*, 229 AD2d 520, 521 [1996]).

Accordingly, the Family Court properly denied the petitioner's objections to the Support Magistrate's order. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.