Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated June 25, 2015. The order, insofar as appealed from, denied that branch of the plaintiff’s motion which was to modify the defendant’s child support obligation.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff’s motion which was to modify the defendant’s child support obligation in accordance herewith.
 

 The parties, who have two children together, entered into a separation agreement dated September 9, 2011, which was incorporated, but not merged, into their subsequent judgment of divorce. In relevant part, the agreement provided that the plaintiff (hereinafter the mother) would pay the defendant (hereinafter the father) $4,000 per month in spousal support for 36 months, at which point the mother’s spousal support obligation would decrease to $2,083.33 per month for 24 months, and then cease altogether.
 

 The agreement also provided that, given the father’s lack of any income in the year preceding separation, his child support obligation would be set at $25 per month. However, the agreement further provided that, upon the happening of any “adjustment circumstances” outlined in the agreement, the amount of the father’s child support obligation would be adjusted using the statutory formula set forth in the Child Support Standards Act. Those circumstances were defined as: “(i) December 31st of any year in which the Father’s earned income exceeds $25,000; (ii) December 31st of any year in which the Father’s gross income from all sources exceeds $45,000; (iii) The date on which each child becomes emancipated.” The agreement noted, however, that a court could modify any order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of (i) a substantial change of circumstances; (ii) three years having passed since the order was entered, last modified, or adjusted; or (iii) a change in either party’s gross income by 15% or more since the order was entered, last modified, or adjusted.
 

 By an order to show cause dated January 13, 2015, the mother moved, inter alia, to modify the father’s child support obligation. In her supporting affidavit, the mother averred that, during the 2012 calendar year, she paid $48,000 in spousal support to the father, and thus, for that year, the father’s “gross income from all sources” exceeded $45,000, triggering a mandatory adjustment of the father’s basic child support obligation. The father, in opposition, contended that there was no indication in the agreement that the spousal support paid to him was intended to be included in the calculation of his child support obligation and that it was illogical that he would accept spousal support from the mother, only to immediately pay her back with her own money.
 

 The Supreme Court concluded that the parties’ agreement did not intend for child support to be paid back to the mother by the father from the spousal support she paid to him. The court stated that, if such was the parties’ intention, the agreement would have clearly so stated, but that the court could not now construe the agreement as providing that the spousal support was to be considered income for child support purposes. In light of this determination, the court denied that branch of the mother’s motion which was to modify the father’s child support obligation. The mother appeals from so much of the order as denied that branch of her motion. We reverse the order insofar as appealed from.
 

 A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845 [2017]; Ayers v Ayers, 92 AD3d 623, 624 [2012]; De Luca v De Luca, 300 AD2d 342 [2002]). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see Slatt v Slatt, 64 NY2d 966, 967 [1985]; Matter of Miller v Fitzpatrick, 147 AD3d at 847; Ayers v Ayers, 92 AD3d at 624). “A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract’s apparent meaning” (Cohen-Davidson v Davidson, 291 AD2d 474, 475 [2002]; see Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726 [1997]).
 

 The Supreme Court erred in concluding that the parties did not intend to include the spousal support paid by the mother to the father as part of the father’s gross income from all sources used to determine whether his child support obligation should be modified. The use of the terms “gross income from all sources,” each of which have a clear and plain meaning in and of themselves, coupled with the fact that the agreement distinguished between “earned income” and “gross income from all sources,” established that the parties contemplated a clear distinction between income the father earned and monies the father obtained from any sources, including spousal support, to support himself. Moreover, by concluding as it did, the court failed to acknowledge that the agreement specifically stated that the father would be required to report the spousal support as income on his tax returns, which, in fact, he did. The Child Support Standards Act requires the court to establish the parties’ basic child support obligation as a function of the “gross (total) income” that is, or should have been, reflected on the most recently filed income tax return (Family Ct Act § 413 [1] [b] [5] [i]; see Matter of Krukenkamp v Krukenkamp, 54 AD3d 345 [2008]; Miller v Miller, 18 AD3d 629, 631 [2005]; Bains v Bains, 308 AD2d 557, 559 [2003]; McNally v McNally, 251 AD2d 302, 303 [1998]). Thus, the parties knew or should have known that the spousal support would be considered income to the father by any court called upon to modify his child support obligation. Ultimately, given the precise language utilized in the agreement, the court erred in concluding that the parties did not intend to include the father’s spousal support in his gross income from all sources as a matter of law.
 

 Accordingly, the order must reversed insofar as appealed from and the matter remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the mother’s motion which was to modify the father’s child support obligation that includes spousal support received by the father in the calculation of his gross income from all sources.
 

 Chambers, J.P., Cohen, Barros and Brathwaite Nelson, JJ., concur.