Farkas v Farkas (2018 NY Slip Op 05283)





Farkas v Farkas


2018 NY Slip Op 05283


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05241
 (Index No. 55353/14)

[*1]Tamara Farkas, respondent, 
v
Emanuel Farkas, appellant.


Elinor B. Ribowsky, Richmond Hill, NY, for appellant.
Elliot Scheinberg, New City, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Rachel A. Adams, J.), dated April 12, 2016. The order, inter alia, denied that branch of the defendant's motion which was for an order directing the plaintiff to verify her compliance with her obligation to place certain funds in an interest-bearing escrow account pursuant to the parties' stipulation of settlement dated June 22, 2010, which was incorporated but not merged into a judgment of divorce entered October 25, 2010.
ORDERED that the order is affirmed, with costs.
The plaintiff, Tamara Farkas, and the defendant, Emanuel Farkas, were married in Belgium on April 7, 1995, and are the parents of two children. From in or around 2003 until 2010, the family resided in the State of New York. In June 2010, after having separated, the parties entered into a written stipulation of settlement (hereinafter the stipulation) evidencing their agreement as to, inter alia, child custody and financial issues. Shortly thereafter, the plaintiff commenced an action for a divorce and ancillary relief in the Supreme Court, Rockland County. The parties were divorced by a judgment of divorce entered October 25, 2010, which incorporated, but did not merge, the terms of the stipulation.
Paragraph 9.26 of the stipulation provided, inter alia, that upon its execution, the plaintiff was to travel with the children to Belgium to obtain visas to permit legal re-entry into the United States and that once the visas were granted, the plaintiff and the children were to return to the United States. If a visa was denied to the plaintiff or either child, then the plaintiff and the children were to reside in Israel or any country in Europe, except Belgium. Evidently, the plaintiff [*2]was unable to obtain a visa and did not return to New York in 2010.
Paragraph 9.27 of the stipulation provided, inter alia, that after their return to New York, the plaintiff and the children would remain New York residents for a period of two years from the date of the "Closing," which was defined in Paragraph 8.4(d) as the date of the execution of the stipulation. After that two-year period, the plaintiff was permitted to relocate with the children to any location within or outside of the United States, except for Belgium. Paragraph 9.27 contained a further provision to ensure the plaintiff's compliance with its terms. Specifically, it required the plaintiff to deposit the sum of $750,000 "into an interest bearing escrow account with Rabbi Y.D. Schlesinger." In the event of the plaintiff's material breach of the defendant's parental access rights, the defendant was entitled to receive $50,000 for each breach. Any such breach was to be determined by Schlesinger, whose decision was binding on the parties.
In 2014, the plaintiff moved in the Supreme Court, Rockland County, in effect, to modify the terms of the stipulation so as to allow the children to reside with her in Belgium. By agreement of the parties and approval from the court, the action was transferred to the Supreme Court, Kings County. Thereafter, in June 2015, the defendant moved, inter alia, for an order directing the plaintiff to verify that she had deposited the monies into an interest-bearing escrow account as provided in Paragraph 9.27. The plaintiff opposed the motion, arguing, among other things, that she did not breach the agreement and that the provision regarding the escrow fund only became effective if she returned to New York in 2010 with a valid visa, which did not occur. The Supreme Court denied the defendant's motion. The defendant appeals.
" A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation'" (Matter of Brady v White, 158 AD3d 748, 752, quoting Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Slatt v Slatt, 64 NY2d 966, 967).
Here, the stipulation expressly provided for the plaintiff to deposit the sum of $750,000 into an interest-bearing escrow account with Schlesinger. The plaintiff did not deny this obligation and she admitted that the sum of $500,000 was deposited into an account in June 2010. While this deposit was less than the amount required under paragraph 9.27, paragraph 8.4(d) of the stipulation contained an acknowledgment by the parties that all required payments had been made. The plaintiff further argued that there was no breach but, in any event, the stipulation specifically named Schlesinger as the person who would determine whether or not a breach occurred. Only if Schlesinger determined that the plaintiff breached Paragraph 9.27 of the stipulation would the defendant be entitled to a $50,000 payment.
Contrary to the defendant's contention, and regardless of whether the plaintiff fully funded the escrow account, he failed to establish his entitlement to escrow account verification or to an accounting. To the extent he alleges that the plaintiff breached paragraph 9.27, the clear and unequivocal language of that provision mandates the payment of $50,000 only upon a determination of a breach by Schlesinger, and there has been no such determination.
Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, for an order directing the plaintiff to verify her compliance with the obligation to place funds in an interest-bearing escrow account.
The defendant's remaining contentions are without merit.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court