J.A.H. v E.G.M. (2019 NY Slip Op 02505)





J.A.H. v E.G.M.


2019 NY Slip Op 02505


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-06621
2016-06622
 (Index No. 505/15)

[*1]J.A.H. (Anonymous), appellant, 
v
E.G.M. (Anonymous), respondent.


Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.
E. G. M., Melville, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated April 28, 2016, and (2) an order of the same court dated May 3, 2016. The order dated April 28, 2016, insofar as appealed from, granted those branches of the defendant's motion which were to modify the parties' separation agreement dated August 2007 so as to reduce the defendant's pro rata share of child support add-on expenses and college expenses and to eliminate an annual cost of living increase for his child support obligation. The order dated May 3, 2016, granted that branch of the defendant's motion which was to modify the parties' separation agreement dated August 2007 so as to entitle him to a credit against his child support obligation for his payment of the children's college room and board.
ORDERED that the order dated April 28, 2016, is reversed insofar as appealed from, on the law, and those branches of the defendant's motion which were to modify the parties' separation agreement dated August 2007 so as to reduce the defendant's pro rata share of child support add-on expenses and college expenses and to eliminate the annual cost of living increase for his child support obligation are denied; and it is further,
ORDERED that the order dated May 3, 2016, is reversed, on the law, and that branch of the defendant's motion which was to modify the parties' separation agreement dated August 2007 so as to entitle him to a credit against his child support obligation for his payment of the children's college room and board is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties, who are both attorneys, were married in 1995 and have two children together. In August 2007, the parties entered into a separation agreement, which was incorporated but not merged into a judgment of divorce entered December 14, 2015. At the time the parties entered into the separation agreement, the defendant was a partner at a law firm earning $233,406 per year, while the plaintiff was working part-time earning $48,104 per year.
In the separation agreement, the parties acknowledged that the Child Support Standards Act (hereinafter the CSSA) provided for a combined basic child support obligation of [*2]$5,788 per month, and that the defendant's pro rata share of the basic child support obligation under the CSSA would be $4,862 per month. However, the parties agreed to deviate from the CSSA, because the defendant waived his equity in the marital residence. The parties agreed that, for a two-year period, the defendant would pay child support in the sum of $2,000 per month and maintenance in the sum of $4,500 per month, and that, thereafter, the defendant's maintenance obligation would terminate and his child support obligation would increase to $4,000 per month. The parties further agreed that the defendant would pay an annual cost of living increase of 5% for his child support obligation, and that, after the initial two-year period ended, his pro rata share of child support add-ons would be 84%. Moreover, the defendant was to pay a minimum of 75% of the children's college expenses, including, inter alia, tuition as well as room and board, but the father's liability for such expenses would "be limited to the aforesaid expenses at SUNY Stony Brook."
In November 2015, the defendant moved to modify the separation agreement so as to decrease his basic child support obligation, reduce his pro rata share of child support add-on expenses and college expenses, eliminate the annual cost of living increase, and entitle him to a college "room and board credit" against his child support obligation. The defendant contended, inter alia, that his income had decreased to $120,000 per year, while the plaintiff's salary had increased to $172,323 per year, and that this change in their respective incomes constituted an unanticipated change in financial circumstances.
In an order dated April 28, 2016, the Supreme Court denied that branch of the defendant's motion which sought a downward modification of his basic child support obligation. The court determined that the defendant had voluntarily left his employment as a partner at a law firm and, thus, could not establish that his loss of such employment was unavoidable. However, the court granted those branches of the defendant's motion which were to modify the separation agreement so as to reduce his pro rata share of child support add-ons and college expenses and to eliminate the annual cost of living increase. In an order dated May 3, 2016, the court granted that branch of the defendant's motion which was for a credit against his child support obligation for his payment of the children's college room and board. The plaintiff appeals from so much of the orders as granted those branches of the defendant's motion.
The parties executed the separation agreement prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Therefore, in order to be entitled to modification of the child support provisions of the stipulation agreement, the defendant had the burden of showing an unreasonable and unanticipated change in circumstances since the time he entered into the separation agreement (see Matter of Boden v Boden, 42 NY2d 210, 213; Martin v Martin, 80 AD3d 579, 580). We agree with the Supreme Court's determination that the defendant's change in employment was not unreasonable because he voluntarily left the firm at which he was a partner at the time he entered into the separation agreement. Moreover, the plaintiff's return to full-time employment was not unanticipated given that the separation agreement only provided for two years of maintenance. In light of the foregoing, the court should have denied those branches of the defendant's motion which were to reduce his pro rata share of the child support add-ons and college expenses and to eliminate the annual cost of living increase for his child support obligation (see Matter of Brady v White, 158 AD3d 748; Gribbin v Gribbin, 126 AD3d at 939; cf. Casler v Casler, 131 AD3d 664, 665).
Further, the Supreme Court should have denied that branch of the defendant's motion which was to modify the parties' separation agreement so as to entitle him to a credit against his child support obligation for his payment of the children's college room and board. A stipulation of settlement entered into by the parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; Ayers v Ayers, 92 AD3d 623, 624; De Luca v De Luca, 300 AD2d 342, 342). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Matter of Brady v White, 158 AD3d at 752-753; see Slatt v Slatt, 64 NY2d 966, 967; Ayers v Ayers, 92 AD3d at 624). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" [*3](Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726). In making the determination, the court should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed (see Clark v Clark, 33 AD3d 836, 837-838). Applying these principles here, it is clear that the parties did not intend that the defendant receive a credit against his child support obligation for his payment of college room and board (see Kaplan v Kaplan, 130 AD3d 576, 578; Colucci v Colucci, 54 AD3d 710, 712).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were to modify the parties' separation agreement so as to reduce his pro rata share of child support add-on expenses and college expenses, eliminate the annual cost of living increase for his child support obligation, and entitle him to a credit against his child support obligation for his payment of the children's college room and board.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court