Matter of English v Smith (2019 NY Slip Op 04939)





Matter of English v Smith


2019 NY Slip Op 04939


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-07362
 (Docket No. F-7347-17/17A)

[*1]In the Matter of Mary English, respondent,
v
Peter S. Smith, appellant.


Law Offices of Peter S. Smith, PLLC, Northport, NY (Peter S. Smith pro se of counsel), for appellant.
Mary English, Sullivan's Island, South Carolina, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David A. Morris, J.), dated May 24, 2018. The order denied the father's objections to an order of the same court (Darlene Jorif-Mangane, S.M.) dated March 5, 2018, which, after a hearing, determined that the father violated the child support provisions of the parties' separation agreement and directed entry of a money judgment in favor of the mother and against the father in the principal sum of $50,865.
ORDERED that the order dated May 24, 2018, is affirmed, without costs or disbursements.
The parties, who have a child together, divorced in 2015. In their separation agreement, which was incorporated but not merged into the judgment of divorce, the parties agreed that the father would pay the mother child support. The parties further agreed to share equally in the costs of the child's undergraduate and graduate education, extracurricular activities, and uncovered medical, dental, orthodontic, eye care, and mental health treatment. The separation agreement also provided that neither the agreement nor any provisions thereof could be modified or waived except by a writing "duly subscribed and acknowledged by both parties with the same formality as" the separation agreement itself. The parties' child began attending University College in Dublin, Ireland, on a full tuition scholarship in 2015. It is undisputed that the father stopped making child support payments to the mother in May 2015. The father contended that the parties had agreed that they would equally share in paying the child's living expenses in lieu of the father paying child support to the mother. In 2017, the mother filed a violation petition, and, after a hearing, the Support Magistrate determined that the father violated the child support provisions of the separation agreement. The Support Magistrate calculated child support arrears and directed entry of a money judgment in favor of the mother in the principal sum of $50,865. The father filed objections to the Support Magistrate's order, and the Family Court denied the father's objections. The father appeals.
We agree with the Family Court's denial of the father's objections to the Support Magistrate's determination that he violated the separation agreement. A separation agreement entered into by the parties in a matrimonial action constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845; Ayers v [*2]Ayers, 92 AD3d 623, 624; De Luca v De Luca, 300 AD2d 342). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see Slatt v Slatt, 64 NY2d 966; Ayers v Ayers, 92 AD3d at 624). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Matter of Scalabrini v Scalabrini, 242 AD2d 725). Here, the father failed to establish that there was a written document clearly setting forth a waiver or the terms of a modification (cf. Matter of Williams v Chapman, 22 AD3d 1015; Matter of O'Connor v Curcio, 281 AD2d 100, 104; Parmigiani v Parmigiani, 250 AD2d 744, 745).
We also agree with the Family Court's denial of the father's objections on the ground that he was entitled to a set-off or credit for certain payments that he made directly to the parties' child. The separation agreement did not provide for such a set-off or credit, had separate and distinct sections for child support and college expenses, and categorized college room and board as a college expense rather than as a component of child support (see Matter of Filosa v Donnelly, 94 AD3d 760, 761; Colucci v Colucci, 54 AD3d 710, 712-713; Matter of Dorcean v Longueira, 44 AD3d 770; Regan v Regan, 254 AD2d 402, 402).
Finally, we agree with the Support Magistrate's determination that the father's payment for incidentals, such as the child's cell phone bill and gifts, constituted voluntary payments that could not be set-off as against his child support obligation (see LiGreci v LiGreci, 87 AD3d 722, 724; Matter of Hang Kwok v Xiao Yan Zhang, 35 AD3d 467, 468; Matter of Finell v Finell, 25 AD3d 703, 704; Matter of Gleason v Gleason, 247 AD2d 384, 385).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court