Matter of Gucker v Gucker (2019 NY Slip Op 05661)





Matter of Gucker v Gucker


2019 NY Slip Op 05661


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-05795 
2018-05796
 (Docket No. F-6338-14/17E/17F)

[*1]In the Matter of Sharon Yarom Gucker, respondent,
v
Charles Henry Gucker, appellant.


Charles Henry Gucker, North Bellmore, NY, appellant pro se.
Lehrman & Klein, Uniondale, NY (Warren S. Landau and Mitchell P. Klein of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) a corrected order of disposition of the Family Court, Nassau County (Lisa M. Williams, S.M.), dated March 23, 2018, and (2) an order of the same court (Conrad D. Singer, J.) dated March 30, 2018. The corrected order of disposition, upon findings of fact of the same court (Lisa M. Williams, S.M.) dated January 5, 2018, inter alia, determined that the father willfully failed to comply with his child support obligation. The order dated March 30, 2018, insofar as appealed from, denied the father's objections to the findings of fact and, in effect, confirmed so much of the corrected order of disposition as determined that the father willfully failed to comply with his child support obligation.
ORDERED that the corrected order of disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated March 30, 2018, is affirmed insofar as appealed from, without costs or disbursements.
On October 18, 2013, the parties entered into a stipulation of settlement, in which they agreed to joint legal custody of their children, with residential custody to the mother. Pursuant to the stipulation, which was incorporated but not merged into a judgment of divorce entered April 2, 2014, the father was obligated to pay child support. In July 2017, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father willfully failed to comply with his child support obligation. Following a hearing, the Support Magistrate issued a corrected order of disposition dated March 23, 2018, which, upon findings of fact dated January 5, 2018, inter alia, determined that the father willfully failed to comply with his child support obligation.
The father filed objections to, among other things, the findings of fact, arguing that his obligation to pay child support was only triggered by his receipt of a paycheck, and thus, he had no obligation to pay child support during a period of unemployment. In an order dated March 30, 2018, the Family Court, inter alia, denied the father's objections to the findings of fact and, in effect, confirmed the Support Magistrate's determination that the father willfully failed to comply with his child support obligation. The father appeals from the corrected order of disposition and the order dated March 30, 2018.
Contrary to the father's contention, the parties' stipulation of settlement did not condition his obligation to make child support payments on his receipt of a paycheck. " A stipulation of settlement entered into by parties to a divorce proceeding constitutes a contract between them subject to the principles of contract interpretation'" (Matter of Brady v White, 158 AD3d 748, 752, quoting Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Matter of Brady v White, 158 AD3d at 752-753). " A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning'" (Matter of Brady v White, 158 AD3d at 753, quoting Cohen-Davidson v Davidson, 291 AD2d 474, 475). " Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'" (Matter of Blonder v Blonder, 171 AD3d 1043, 1045, quoting Clark v Clark, 33 AD3d 836, 837). Here, the plain language of the stipulation of settlement unconditionally obligated the father to make child support payments twice each month, and simply included language pertaining to the father's receipt of a paycheck to specify that he had to make any payments by mail within 24 hours of his receipt of a paycheck.
The mother presented evidence that the father failed to make required child support payments, establishing, prima facie, that the father willfully failed to comply with his child support obligation (see Matter of Root v Root, 161 AD3d 1169; see also Family Ct Act § 454[3][a]). In opposition, the father failed to come forward with competent, credible evidence of his inability to make two payments each month as ordered (see Matter of Powers v Powers, 86 NY2d 63, 68-69; Matter of Root v Root, 161 AD3d at 1171).
Accordingly, we agree with the Support Magistrate's finding that the father willfully failed to comply with his child support obligation and the Family Court's determination, in effect, to confirm that finding.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court