**Winick Realty Group LLC v 353 6 Ave. Realty, LLC**

2024 NY Slip Op 34266(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 650917/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

WINICK REALTY GROUP LLC

Plaintiff,

- v -

353 6 AVE. REALTY, LLC,

Defendant.

-------------------------------------------------------------------------------X

| PART | 11M |
|---|---|
| INDEX NO. | 650917/2022 |
| MOTION DATE | 06/18/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, plaintiff's motion for summary judgment is granted.

## Background

This action arises out of an alleged breach of a brokerage commission. Plaintiff Winick Realty Group LLC ("Plaintiff") claims to have introduced defendant 353 6 Ave. Realty, LLC ("Defendant") to Wolf of 6th Avenue, LLC ("Wolf") as a potential tenant. According to Plaintiff, they negotiated the material terms of a lease between Wolf and Defendants (the "Lease") and sent Defendant a proposed term sheet for the Lease. Defendant and Wolf did enter into a ten-year lease in May of 2021, and shortly thereafter Plaintiff and Defendant executed a brokerage agreement (the "Brokerage Agreement").

Plaintiff alleges that they sent Defendant an invoice in accordance with the Brokerage Agreement in May of 2021, and that they sent several follow-up requests for payment, none of which were disputed. To date, Defendant has not made any payments under the Brokerage Agreement. In the meantime, Wolf was open to the public at the premises in question as the restaurant Balkan Street for roughly seven months before closing in October of 2023. In March

of 2024, Wolf has since subleased the premises to a restaurant operating under the name Burgerhead. Defendant alleges that this is an unauthorized use of the premises.

Plaintiff has brought the underlying suit alleging breach of contract, pleading in the alternative unjust enrichment and quantum meruit. Defendant opposes and has pled nine affirmative defenses in their answer. Plaintiff has brought the present motion, requesting summary judgment pursuant to CPLR § 3212, and Defendant opposes the motion.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

Defendant makes two main arguments in opposing the motion for summary judgment: 1) that there are threshold defects in Plaintiff's evidentiary showing, and 2) that there are material issues of fact regarding Plaintiff's claims. For the reasons that follow, Plaintiff's evidentiary showing is sufficient and there are no material issues of fact regarding the brokerage commission.

In making their claims, Plaintiff submitted two sworn affidavits: one from a former broker of Plaintiff (the "Rosen Affidavit") and one from an executive of Plaintiff (the "Eisinger Affidavit", together with the Rosen Affidavit the "Plaintiff's Affidavits"). Defendant objects, arguing that neither party had personal knowledge of the facts at issue here and therefore there is no probative value to the Plaintiff's Affidavits. Plaintiffs argue in response that Mr. Rosen was the broker personally responsible for the leasing of the premises at issue and that he had "personal knowledge of the operations, practices, and document creation and storage of Plaintiff." They also argue that Mr. Eisinger is personally responsible for overseeing the brokerage services offered by Plaintiff.

When a party moves for summary judgment, they must offer "sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985). The party moving has the initial burden of showing this through admissible evidence, such as "affidavits by persons having knowledge of the facts, reciting the material facts." *GTF Marketing, Inc. v. Colonial Aluminum Sales, Inc.*, 66 N.Y.2d 965, 967 (1985). Here, the Rosen Affidavit states that he was employed by Plaintiff during the time at issue, that he personally provided brokerage services for the transaction at issue, and that he was the one to introduce Wolf and the Defendant as well as the one to send Defendant a cover sheet describing the initial term sheet. The Rosen Affidavit clearly satisfies the personal knowledge requirement for summary judgment purposes. The Eisinger Affidavit states that he is the President of Plaintiff and that he was the one to send the unpaid invoices to Defendant. This affidavit also satisfies the personal knowledge requirement. Denial of summary judgment on the grounds that the Plaintiff's Affidavits lacked personal knowledge of material facts would be improper.

Turning to the issue of disputed material facts, Defendant argues that Plaintiff's entitlement to the commission was conditioned on the occurrence of certain events and the non-occurrence of events as laid out in Paragraph B of the Brokerage Agreement. For their part, Plaintiff contends that this is a misreading of Paragraph B(1) and that all necessary preconditions for entitlement to the brokerage commission have been met. The relevant provision reads (emphasis added):

(1) It is understood and agreed that Landlord shall incur no obligation or liability for the Commission or any brokerage commission(s) or other compensation, except in the event of the following: (i) the Lease and the Guaranty for the Premises are fully executed by Landlord and Tenant; (ii) the fully-executed Lease and Guaranty are unconditionally delivered to Tenant; (iii)the Tenant has performed all monetary and non-monetary obligations due upon execution of the Lease including, inter alia, payment of the first month's rent and any security deposit required under the Lease; and (iv) the term of the Lease shall have commenced and Tenant shall have entered into possession of the Premises. In addition, notwithstanding anything contained herein, **the Commission shall be returned and repaid to Landlord in the event that: (a) Tenant fails to open its business at the Premises after the Commencement Date as set forth in the Lease; and/or (b) Tenant fails to make at least four (4) payments of Fixed Rent after the Rent Commencement Date as defined in the Lease**.

Defendant argues that because Wolf failed to open its business within seven months of the commencement of the Lease, this defeats Plaintiff's claim for a commission under this section of the Brokerage Agreement. The seven months limitation comes from the Lease between Wolf and Defendant, where in Paragraph 86, there was a period of seven months set aside for refurbishments to the property, during which Wolf would make certain payments to Defendant. Plaintiff points to the fact that Wolf did, in fact, open after the commencement date, and that Wolf paid Fixed Rent for the four months following the expiration of the free rent period in the Lease. Any subsequent default by Wolf, delayed opening, or allegedly illegal sublease does not excuse performance under the Brokerage Agreement, according to Plaintiff.

A "written agreement that is clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Banco Espírito Santo, S.A. v. Concessionária Rodoanel Oeste S.A.*, 100 A.D.3d 100, 106 (1st Dept. 2012). The use of the phrase and/or, as is the case here, is "commonly used in contracts to reflect 'both or either' of a set of conditions or items." *Matter of 195 B Owner LLC v. Anthropologie, Inc.*, 228 A.D.3d 418, 419 (1st Dept. 2024). Therefore, the plain terms of the Brokerage Agreement state that if either Wolf failed to open after the commencement date, or Wolf failed to make four Fixed Rent payments after the rent commencement date; or if both conditions occurred, then the Plaintiff would forfeit entitlement to the commission. It is not disputed that Wolf made the requisite rent payments, nor that they opened after the commencement date. Defendant's interpretation would have the Court read into the terms of the Brokerage Agreement and additional condition that Wolf open for business within a certain time frame of the commencement date. It would be improper, however, for a court to read into an agreement a condition that is not present. *Cohen-Davidson v. Davidson*, 291 A.D.2d 474, 475 (2nd Dept. 2002). Therefore, the circumstances raised by Defendant do not constitute necessary conditions as set forth in the Brokerage Agreement, and they do not excuse nonpayment of the brokerage commission owed Plaintiff. There are no material disputes of fact presented in this case that would defeat a motion for summary judgment. Accordingly, it is hereby

ADJUDGED that the motion is granted as to the first cause of action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff as against defendant in the amount of $54,406.24.

20241203164639LFRANKC97E677912C34AE79AC0531C35428CE7

| 12/3/2024 | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|----------------------|---|
| **DATE** | | | | |

CHECK ONE:  [X] CASE DISPOSED  [ ] NON-FINAL DISPOSITION

[X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

**650917/2022   WINICK REALTY GROUP LLC vs. 353 6 AVE. REALTY, LLC**
**Motion No.  001**

Page 6 of 6

[* 6]